**RECEIVED**

2 /3 /09

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES, LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| CEVERO GARCIA<br>La. DOC #368938<br>VS.<br><br>WARDEN BURL CAIN | CIVIL ACTION NO. 08-1005<br><br>SECTION P<br>JUDGE TRIMBLE<br>MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Cevero Garcia, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 10, 2008. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the Louisiana State Penitentiary. In this proceeding he attacks his 1996 aggravated rape convictions in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

### *Statement of the Case*

Petitioner was convicted of two counts of aggravated rape in May 1996 in the Fourteenth Judicial District Court. Doc. 1. As a result, petitioner received concurrent life sentences. *Id.* Petitioner's conviction and sentence were affirmed by the Third Circuit Court of Appeals in an unpublished opinion. *Louisiana v. Cevero Garcia*, 704 So.2d 990 (La. App. 3 Cir. 10/10/1997).

On November 15, 2000, petitioner filed a petition for writ of *habeas corpus* in this court. In that proceeding he also attacked the 1996 rape convictions. On April 1, 2002, his *habeas* petition

was dismissed with prejudice as time-barred under the provisions of 28 U.S.C. §2244(d). *See Cevero Garcia v. Warden*, Civil Action No. 2:00-cv-2539, docs. 1 (petition), 5 (Report and Recommendation of Magistrate Judge Alonzo Wilson), 11 (Judgment of Dismissal); 17 (Order of the Fifth Circuit Court of Appeals denying request for Certificate of Appealability).

Notwithstanding the fact that petitioner marked the box indicating that he had not previously attacked this conviction under 28 U.S.C. § 2255 [doc. 1, ¶ 9(a)] he notes elsewhere [doc. 1, ¶ 3] that he is challenging the 1996 rape convictions, as he did in civil action number 2:00-cv-2539.

Before a second or successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not sought and received authorization to file a second or successive petition from the Fifth Circuit Court of Appeals, therefore, this court lacks jurisdiction to consider his petition. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799, 166 L. Ed. 2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

Petitioner must comply with the statute and obtain an order from the Fifth Circuit Court of Appeals authorizing this Court to consider his claims. In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that petitioner Cevero Garcia's second and successive Application for Writ of *Habeas Corpus* be TRANSFERRED to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana February 3, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

3